IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)
EASTERN DIVISION

| | | |
|---|---|---|
| KANGOL LLC, | ) | CASE NO. 1:24-cv-01636 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| -vs- | ) | |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>AMENDED FINAL JUDGMENT ORDER</u>**

This action having been commenced by Plaintiff Kangol LLC against the fully interactive e-commerce stores operating under the Seller Aliases identified in Exhibit A attached hereto, the Plaintiffs having moved for entry of Default and Default Judgment against the Defendants identified in Exhibit A (the "Defaulting Defendants");

Plaintiff having properly completed service of process on the Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that the Defaulting Defendants received from payment processor, being notice reasonably calculated under all circumstances to apprise the Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Amended Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

1

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, the Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Aliases, offering shipping to the United States, including Illinois, accepting payment in U.S. dollar, and/or from U.S. bank accounts, and having sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks ("Plaintiff's Trademarks") to residents of Illinois. A list of the Plaintiff's Trademarks is included in the chart below.

| Registration Number | Trademark |
|---|---|
| 535,357; 1,011,576; 1,490,292; 3,017,272; 4,153,667; 4,384,997 | KANGOL (standard character word mark) |
| 1,372,671; 4,204,801; 4,384,996 | [KANGOL kangaroo logo] |
| 2,235,981; 2,278,532 | [KANGOL kangaroo logo] |
| 3,787,973 | [KANGOL logo] |

This Court further finds that the Defaulting Defendants are liable for willful trademark infringement and counterfeiting under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that the Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendant.

The Court further orders that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert of participation with them be permanently enjoined and restrained from:
    a. using the Plaintiff's Trademarks or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademarks;
    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff, that is not Plaintiff's, or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's Trademarks;
    c. committing any acts calculated to cause consumers to believe that the Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;
    d. further infringing the Plaintiff's Trademarks and damaging Plaintiff's goodwill and reputation; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff's Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with the Defaulting Defendants' Sellar Aliases, including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Aibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a/ Wish.com ("Wish"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), WhaleCo, Inc. ("Temu"), and DHgate.com ("DHgate") (collectively, the "Third Party Providers") shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with the Defaulting Defendants in connection with the sale of counterfeit and infringing goods using Plaintiff's Trademarks.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of counterfeit Plaintiff's Trademarks in connection with the sale of products through at least the Defaulting Defendants' online marketplaces.

4. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), eBay, DHgate, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish, Walmart, Etsy, Temu, and Amazon Pay, by e-mail delivery on the Third Party Providers.

5. Any Third Party Providers holding funds for the Defaulting Defendants, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to the Defaulting Defendants' Sellar Aliases from transferring or disposing of any funds, up to the above identified statutory damages award, or other of the Defaulting Defendants' assets.

6. All monies, up to the above identified statutory damages award, in the Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, are ordered to release to Plaintiff the amounts from the Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to them by the Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, eBay, DHgate, Alipay, Alibaba, Ant Financial, Wish, Walmart, Etsy, Temu, and Amazon Pay, shall within seven (7) calendar days:

    a. locate all accounts and funds connected to Defaulting Defendants' Sellar Alias, including, but not limited to, any financial accounts connected to any e-mail addresses provided for the Defaulting Defendants by third parties;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies, up to the above identified statutory damages award, restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by e-mail at the e-mail addresses identified or provided for the Defaulting Defendants by third parties.

9. The ten thousand dollar ($10,000) bond posted by Plaintiff, including any interest, minus the registry fee, is hereby released via regular mail to counsel of record for Plaintiff, Todd Tucker of Calfee Halter & Griswold LLP at 1405 East Sixth Street, Cleveland, OH 44114.

This is a Final Judgment.

DATED: 10/2/2024

_____
Sharon Johnson Coleman
United States District Judge