# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KANGOL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-01636 |
| v. ) | |
| ) | |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | Judge Sharon Johnson Coleman |
| IDENTIFIED ON SCHEDULE A ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kangol, LLC ("Plaintiff") filed its Complaint, known as a "Schedule A" action, against five foreign defendants for trademark infringement and counterfeiting for selling unauthorized Kangol products. Approximately 12 weeks later, the Court granted Plaintiff's motion for default judgment against all defendants, including Defendant Hangzhou Chuanyue Silk Import & Export Co., Ltd ("Defendant"). Nearly nine months later, Defendant filed a motion to vacate judgment pursuant to Fed. R. Civ. P 60(b)(4) ("Rule 60(b)(4)") or, in the alternative, for failure to comply with Fed. R. Civ. P. 69(a)(1) ("Rule 69(a)(1)"). For the following reasons, the Court denies Defendant's motion to vacate [60].

**BACKGROUND**

Plaintiff manufactures and sells clothing apparel, including headwear, that contains a variety of Plaintiff's kangaroo design trademarks. Plaintiff filed this action on February 27, 2024, against defendants, including Defendant who filed this motion, alleging that they were selling counterfeit products from China, and other foreign jurisdictions, via e-commerce platforms, including Alibaba and AliExpress. The defendants were listed in an accompanying Schedule A, which was filed under

1

seal. Plaintiff amended the Schedule A from 25 defendants to five defendants on March 25, 2024. The amended Schedule A included Defendant.

On March 26, 2024, Plaintiff moved for an ex parte temporary restraining order, which included Plaintiff's request for service of process via email under Fed. R. Civ. P. 4(f)(3) ("Rule 4(f)(3)"), which the Court granted. Plaintiff later moved for default judgment, which this Court granted on May 22, 2024, noting that no defendant appeared or contacted the Court ("Default Judgment Order"). Defendant filed its motion to vacate under Rule 60(b)(4) or, in the alternative, Rule 69(a)(1) on February 25, 2025.

**LEGAL STANDARD**

Rule 60(b)(4) provides relief from a final judgment or order if the judgment is void where the court lacks personal jurisdiction over a party. *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 854 (7th Cir. 2011). If a district court determines that a judgment is void under Rule 60(b)(4), the judge has no discretion and must grant the party appropriate relief. *Philos Tech., Inc.,* 645 F.3d at 855. Courts have found "a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action." *Id.* at 855 (internal citations omitted). There is no time limit, absent exceptional circumstances, for motions filed under Rule 60(b)(4). *Id.* at 857.

**DISCUSSION**

Defendant argues it is entitled to relief from default judgment under Rule 60(b)(4) because service of process was invalid under the Hague Service Convention (the "Convention"). Defendant also contends, in the first alternative, that the entry of default judgment did not comply with Article

2

15 of the Convention. Lastly, in the second alternative, Defendant argues that the Court's Default Judgment Order should be vacated and modified to comply with Rule 69(a)(1).

### I. Validity of Service of Process under the Convention

Rule 4(f) allows service on defendants in foreign countries "(1) by any internationally agreed means of service that is reasonably calculated, such as those authorized by the [] Convention on the Service Abroad of Judicial and Extrajudicial Documents;" "(2) if there is no internationally agreed means" "by a method that is reasonably calculated to give notice;" or "(3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

The Court first considers whether service was proper under Rule 4(f)(1). The Convention "seeks to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon,* 581 U.S. 271, 273, 137 S.Ct. 1504, 197 L.Ed.2d 826 (2017). While the "primary innovation" of the Convention is that it "requires each state to establish a central authority to receive requests for service of documents from other countries," *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988), submitting a request to central authority is not the only approved method of service. *Water Splash, Inc.,* 581 U.S. at 275. The United States and China are parties to the Convention.

The Convention does not apply where the defendant's address is unknown. *See Peanuts Worldwide LLC v. Partnerships and Unincorporated Associations Identified on Schedule A,* No. 23 C 2965, 347 F.R.D. 316, 325 (N.D. Ill. June 25, 2024) (Pallmeyer, J.) To determine whether an address is "unknown," a plaintiff must show that it made "reasonably diligent efforts to ascertain and verify defendant's mailing address." *See Oakley, Inc. v. Partnerships and Unincorporated Associations Identified in Schedule "A",* No. 20-cv-05049, 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021) (Kness, J.)

Defendant argues that Plaintiff failed to make reasonably diligent efforts to determine Defendant's mailing address because the address was available online, and accessible to Plaintiff, at

the time the Complaint was filed. Defendant contends that Plaintiff's failure to conduct such efforts renders service improper. Plaintiff argues that it did make reasonably diligent efforts and that it could not verify the accurate address as its efforts resulted in a multitude of different addresses. Based on the different addresses listed, Plaintiff argues that it could not ascertain which, if any, were the correct address.

Even if Plaintiff did not make reasonably diligent efforts, it is not dispositive of the motion. Many Northern District of Illinois courts have found that a defendant was properly served under Rule 4(f)(3) even where a plaintiff failed to conduct reasonable due diligence under the Convention. *See Oakley,* 2021WL 2894166, at \*6; *see also Peanuts,* 347 F.R.D. at 328. Therefore, the real inquiry is whether service was proper under Rule 4(f)(3).

Rule 4(f)(3) allows for service of process "by any other means not prohibited by international agreement." Northern District of Illinois courts have found that no hierarchy exists in attempting service under Rule 4, meaning the Rule does not require service under the Convention (pursuant to Rule 4(f)(1)) if required, prior to seeking a court order for alternative service under Rule 4(f)(3). *See Peanuts,* 347 F.R.D. at 328; *see NBA Properties, Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule A,* 549 F.Supp.3d 790, 796-797 (N.D. Ill. July 15, 2021) (Kness, J.). In other words, Plaintiff need to attempt service under the explicit terms of the Convention for the Court to authorize service be effected through alternative means, such as email, so long as Plaintiff made "a showing as to why alternative service should be authorized" which was achieved here. *Oakley, Inc.,* 2021 WL 2894166, at \*4. Here, the parties dispute whether service by email was proper under Rule 4(f)(3).

The Convention is silent as to whether service by email is permitted or forbidden. *See NBA Props.,* 549 F.Supp.3d at 797. Relevant here, Article 10 of the Convention allows for service through "post channels" and through "judicial officers, officials, or other competent persons" so long as the country in which service is to be effected has not objected to the method. *Id.* at 275-276. Defendant

argues that the Court should follow the holding in *Luxottica Group S.p.A. v. P'ships and Unincorporated Ass'ns on Schedule "A"* which found that China's objection to alternative means of process listed in Article 10(a) of the Convention precluded service via email. 391 F.Supp.3d 816, 826-27 (N.D. Ill. 2019) (Gottschall, J.). However, several other courts in this district have found that the term "post channels" in Article 10(a) should not be read to include email as "email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the [] Convention." *Hangzhou Chic Intelligent Tech. Co. v. P'ships v. Unincorporated Ass'ns Identified on Schedule A,* No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (Durkin, J.) (listing cases that reject theory that Article 10(a) includes email service); *see also Peanuts,* 347 F.R.D. at 330; *see also NBA Props.,* 549 F.Supp.3d at 798 (finding "post channels" to apply only to material physically delivered by letter carrying authorities, not email). The Court will follow the suit of other Northern District of Illinois courts, finding that service via email is not prohibited by Article 10(a).

Defendant argues that the Supreme Court's holdings in *Schlunk* and *Water Splash* require a different result, namely that the Convention prohibits all methods of service not mentioned in its text, which would prohibit service via email under Rule 4(f)(3); but this Court does not agree. In *Schlunk,* the Supreme Court found that Articles 15 and 16 prohibit the practice of "notification *au parquet,*" service of process on a foreign actor through the deposit of documents with a designated local official. *Schlunk,* 486 U.S. at 703. In *Water Splash,* the Supreme Court held that the Convention did not prohibit service of process by mail. *Water Splash,* 581 U.S. at 274-284. Clearly, neither *Schlunk* nor *Water Splash* commented on the propriety of service by email under the Convention. Other courts in this district have come to the same conclusion, finding that the Convention's silence on unenumerated methods of service is not an outright prohibition. *See NBA Props.,* 549 F.Supp.3d at 797-98; *see also Peanuts,* 347 F.R.D. at 331; *see also Oakley, Inc.,* 2021 WL 2894166, at *5. The Court, therefore, finds that the

5

Convention does not prohibit email service nor are the prescribed methods of service exclusive. Accordingly, email service under Rule 4(f)(3) was proper.

## II. Article 15 of the Convention

Defendant contends that Article 15 of the Convention mandates that default may only be entered where service is conducted under either a method of service available for domestic service in China or under the Convention. Defendant argues that under either process of service, email is not sufficient. The Court does not agree.

In reaching its conclusion in *Schlunk*, the Supreme Court referenced the elimination of *notification au parquet* in the Convention which was addressed through the Article 15 requirement that "a judgment may not be entered unless a foreign defendant received adequately and timely notice of the suit." *Schlunk,* 486 U.S. at 703. Indeed, the main concern in eliminating *notification au parquet* from Article 15 was to prevent default where a defendant did not receive notice of the lawsuit. *Id.* ("Yet such methods of service of process are the least likely to provide a defendant with actual notice.") Article 15 allows a court to enter judgment where "the document was actually delivered to the defendant or to his residence by another method provided for by this Convention, and that… the delivery was effected in sufficient time to enable the defendant to defend." As mentioned, the Convention does not prohibit email service and the listed methods of service permitted in the Convention are not exclusive. Indeed, the facts demonstrate that Defendant received timely notice of the lawsuit based on the frequent communications with the parties during the pendency of this matter. This removes any concern regarding the timeliness of notice Article 15 seeks to prevent. Accordingly, the Court finds that default judgment did not contravene Article 15 of the Convention.

## III. Rule 69(a)(1)

Lastly, Defendant argues that the Default Judgment Order should be vacated or modified to comply with Rule 69(a)(1). Defendant contends the Default Judgment Order, mandating third parties,

like Amazon, to turn over funds to Plaintiff, is contrary to Illinois post judgment proceedings and that Plaintiff did not comply with these procedures.

However, as correctly noted by Plaintiff, Defendant does not describe how the Default Judgment Order is contrary to Illinois post judgment proceedings. Nor does Defendant make any attempt to argue which Illinois post judgment proceedings Plaintiff violated and how Plaintiff failed to comply with these procedures. Defendant's failure to present sufficient argument in its initial brief cannot be remedied through its reply brief. *See Aliwoli v. Gilmore,* 127 F.3d 632, 635 (7th Cir. 1997) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.") (internal citations omitted). Undeveloped arguments unsupported by legal authority are waived. *Schaefer v. Universal Scaffolding & Equip., LLC,* 839 F.3d 559, 607 (7th Cir. 2016). It is not the Court's duty to go on an expedition to create Defendant's arguments. *See Contilli v. Loc. 705 Int'l Bhd. of Teamsters Pension Fund*, 559 F.3d 720, 724 (7th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Accordingly, the Court finds that the Default Judgment Order did not violate Rule 69(a).

**CONCLUSION**

For these reasons, the Court denies Defendant's motion to vacate [60].

**IT IS SO ORDERED.**

Date: 6/13/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge